IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:22-CV-00067** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **D.C. MILLER CONSTRUCTION, LLC,** | |
| | **MEMORANDUM OPINION AND** |
| **Defendant.** | **ORDER** |

This matter comes before the Court upon the Motion for Default Judgment filed by Plaintiff United States of America ("Plaintiff") on July 21, 2022, seeking default judgment against Defendant D.C. Miller Construction, LLC ("Defendant") pursuant to Rule 55(b)(1) ("Plaintiff's Motion"). (Doc. No. 8.) For the following reasons, Plaintiff's Motion is GRANTED.

**I.    Background**

    **A.    Procedural History**

On January 12, 2022, Plaintiff filed a Complaint against Defendant to recover civil penalties owed by Defendant to the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), pursuant to 29 U.S.C. § 666(l), for violations of the Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C. § 2651, *et seq*. Therein, Plaintiff asserted a single count, claiming that it is entitled to payment of $20,727.39 representing penalties, interest, and fees as of August 18, 2021, plus interest, fees, and costs since August 18, 2021, stemming from Defendant's alleged 2017 OSHA violations. (Doc. No. 1, ¶¶ 6-7.)

The docket reflects that Defendant was served by Federal Express on April 12, 2022. (Doc. No. 3.) Plaintiff's counsel's Declaration in Support of Service also confirms this. (Doc. No. 8-1.)

On May 24, 2022, the Court issued an Order to Show Cause as no answer had yet been filed on Defendant's behalf, and Plaintiff had not submitted an appropriate application for entry of default. (Doc. No. 4.) The next day, on May 25, 2022, Plaintiff filed a Notice of Settlement Discussions indicating that Defendant, on his own behalf, called Plaintiff with a settlement offer, and Plaintiff thereby sought an additional thirty (30) days to resolve the matter. (Doc. No. 5.) Defendant still did not enter an appearance with the Court. On July 19, 2022, Plaintiff filed an Application for Entry of Default under Fed. R. Civ. P. 55(a) against Defendant, and the Clerk entered default against Defendant on July 20, 2022. (Doc. Nos. 6, 7.)

On July 21, 2022, Plaintiff filed the instant Motion for Default Judgment. (Doc. No. 8.) In support of its Motion, Plaintiff attached a Declaration of Amount Due, declaring under the penalty of perjury the debt owed by Defendant as presented in the Certificate of Indebtedness. (Doc. No. 8-2.) Defendant has not filed an opposition thereto. Accordingly, Plaintiff's Motion is ripe for a decision.

**B.   Factual Allegations**

The Complaint sets forth the following allegations. On July 11, 2017, OSHA issued a Citation and Notification of Penalty to Defendant for four violations of the Act that took place on July 5, 2017 at Defendant's work site at 30 Salt Creek, Peninsula, Ohio 44264 (the "Citation"). (Doc. No. 1, ¶ 4.) Plaintiff attaches a true and correct copy of the Citation. (Doc. No. 1-1.) The Citation sets forth proposed penalties for the four violations in the following amounts: $1,630.00, $3,803.00, $3,803.00, and $2,716.00. (*Id.* at PageID # 9-12.) The proposed penalties totaled $11,952.00. (*Id.* at PageID # 13.) The Citation also contained an Invoice/Debt Collection Notice which provided that an annual interest rate of one percent (1%), set by the Secretary of Treasury, would accrue on the date the penalty amounts become a final order of the Occupational Safety and Health Review Commission

(the "Commission"), unless a notice of contest is filed within fifteen (15) days of receipt of the Citation, or the full amount is paid within thirty (30) days of the final order. (*Id.* at PageID # 14.) Further, the Citation provided that if the debt remained delinquent for more than ninety (90) days, "a delinquent charge of six percent (6%) per annum [would] be assessed accruing from the date that the debt became delinquent." (*Id.*) Finally, the Citation noted that administrative costs incurred in collecting the unpaid debt would be assessed as additional charges. (*Id.*)

Defendant failed to timely contest the Citation, which resulted in the Citation and proposed penalties becoming a final order of the Commission. (Doc. No. 1, ¶ 5 (citing 29 U.S.C. § 659(a)).) Despite being served with a demand for payment, Defendant failed to pay the penalty. (*Id.* at ¶ 6.) As of August 18, 2021, the amount of unpaid penalties, interest, and fees totaled $20,727.39. (*Id.* at ¶ 7.) Plaintiff attaches a true and accurate copy of the Certificate of Indebtedness that breaks down the debt, pursuant to 31 U.S.C. § 3717(e), § 3711(g)(6), and 28 U.S.C. § 527 Note, as follows:

- Principal: $11,952.00
- Interest (at 1%): $474.18
- Penalty (at 6%): $2,785.31
- Admin.: $20.00
- Treasury & DOJ fees: $5,495.90

(Doc. No. 1-2.) The Certificate of Indebtedness is certified under the penalty of perjury by Regina Crisafulli, a Financial Program Specialist with the U.S. Department of the Treasury. (*Id.*)

In its Demand for Relief, Plaintiff seeks judgment in its favor against Defendant in the amount of $20,727.39, plus interest, fees, and costs since August 18, 2021, "and for such other proper relief as this Court may deem just." (Doc. No. 1 at 3.)

**II.    Standard of Review**

Following the clerk's entry of default pursuant to Rule 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *P&G Health & Longterm Disability Plan v. Molinary*, 2019 WL 358936, at *1 (S.D. Ohio Jan. 29, 2019) (quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010)). Specifically, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, 2010 WL 2572713, at *4 (E.D. Mich. June 23, 2010) (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters., LLC*, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj*, 331 F. App'x at 354-55. An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of the Upper Ohio Valley, Inc.*, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007); *see also P&G Health*, 2019 WL 358936, at *1.

### III. Analysis

Upon review of the record in this case, the Court finds that default judgment is warranted. Defendant was duly served with proper summons and the Complaint but has failed to plead or otherwise defend. Defendant's failure to respond to the Complaint, entry of default, or Motion for

Default Judgment has made it clear that Defendant has no intention of defending this action. The Court accepts the allegations set forth in the Complaint as true and, therefore, finds that Defendant is liable.

According to Plaintiff, Defendant committed four violations of the Occupational Safety and Health Act of 1970, and subsequently failed to pay the OSHA penalties associated with such violations as set forth in the Citation. (Doc. No. 1 at 2.) Under 29 U.S.C. § 659(a), if the Citation is not contested within fifteen (15) working days from the receipt of the Citation, "the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." Accordingly, this Court recognizes the Citation as a final order and Defendant is subject to the penalties as set forth in the Citation.

The statutes cited by Plaintiff in its calculation of Defendant's debt in the Citation, as well as in the Certificate of Indebtedness, allow for Plaintiff's requested penalties, interest, and fees. The Debt Collection Act of 1982 (Public Law 97-365) requires the assessment of an annual interest rate, to be determined by the Secretary of Treasury, to outstanding debts owed to the United States. According to the Citation, the interest rate at the time was one percent (1%). (Doc. No. 1-1, PageID # 14.) Further, 31 U.S.C. § 3717(e) allows for the assessment of "a charge to cover the cost of processing and handling a delinquent claim," as well as "a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due." Finally, 31 U.S.C. § 3711(g)(6) allows an agency operating a debt collection center to charge a fee sufficient to cover the full cost of collection of the owed charges, and that fee may be considered costs pursuant to section 3717(e).

The Court finds that Plaintiff's evidence, including the Certificate of Indebtedness (Doc. No. 1-2) and the Declaration of Amount Due (Doc. No. 8-2), is sufficient to establish penalties, interest,

and fees in the amount of $20,727.39 (which includes a principal penalty of $11,952.00, interest of $474.18 and penalty charges of $2,785.31 accrued, and Department of Treasury and Department of Justice fees of $5,495.90, as of August 18, 2021, and administrative fees of $20.00), plus interest at the rate of 1% per annum after August 18, 2021 and penalty at the rate of 6% per annum after August 18, 2021.

IV.     **Conclusion**

Plaintiff's Motion for Default Judgment (Doc. No. 8) is GRANTED. Default judgment is entered in Plaintiff's favor against Defendant for $20,727.39, plus interest at the rate of 1% per annum after August 18, 2021 and penalty at the rate of 6% per annum after August 18, 2021.

**IT IS SO ORDERED.**

Date: October 14, 2022

   *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE